STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. NICHOLAS FALCO, *ET AL.,* DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 8, 1971—Decided March 15, 1971.

Before Judges GOLDMANN, LEONARD and MOUNTAIN.

*Mr. Elmer J. Herrmann, Jr.,* argued the cause for appellant.

*Mr. George N. Pappas,* Assistant Prosecutor, argued the cause for respondent (*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney; *Mr. Pappas,* on the brief).

The opinion of the court was delivered by

MOUNTAIN, J. A. D. Defendant, a Newark police detective, appeals from a conviction following verdicts of guilty on two counts of an indictment charging him with misconduct in office (*N. J. S. A.* 2A:85–1 and 2A:135–1).

Resolution of the significant issue in this case does not require a detailed statement of facts. The State contended that defendant had started a fight in a tavern which resulted in injury to a waitress; that when asked by his superior to submit a report of the incident he had refused to do so, and that he eventually did submit a report which was, however, false.

At the trial defendant's counsel objected to the introduction in evidence of the report upon the ground that it had been wrung from defendant only by coercion; he had been told that unless he submitted the report he would lose his job.

The trial judge held a hearing out of the presence of the jury as to the admissibility of the report and determined to admit it. The basis for the ruling in favor of admissibility seems to have been that it was a report submitted in the regular course of duty. The record does not reveal that consideration was given to the question as to whether the report had been forthcoming due to coercion, despite the fact that defendant raised and argued this point.

■■ We think the question of the voluntariness of the report should have been determined by the judge before its submission to the jury. Where the issue of voluntariness is raised, this procedure should always be followed, at least where the statement is, or may be, "against the penal interest of the defendant on trial in a criminal proceeding." *Evidence Rule* 8(3). With respect to confessions this requirement of preliminary determination by the judge is of

constitutional dimension. *Jackson v. Denno,* 378 *U. S.* 368, 84 *S. Ct.* 1774, 12 *L. Ed.* 2d 908 (1964); *State v. Yough,* 49 *N. J.* 587, 599 (1967). While the report here involved is not a confession, the objection to its reception presents a substantially identical issue. We must reverse and remand for a new trial.

■ If, at the retrial, the court should find, after hearing and considering evidence directed to the point, that the report was submitted because defendant feared he would otherwise lose his job, it should exclude the report. Such a result is required by the holding in *Garrity v. New Jersey,* 385 *U. S.* 493, 87 *S. Ct.* 616, 17 *L. Ed.* 2d 562 (1967). The court there determined that testimony elicited from a public employee by a threat of discharge may not thereafter be used against him in a criminal prosecution.

The State argues that the case before us is distinguishable from *Garrity* and is more akin to *Gardner v. Broderick,* 392 *U. S.* 273, 88 *S. Ct.* 1913, 20 *L. Ed.* 2d 1082 (1968), and *Uniformed Sanitation Men Association v. Commissioner of Sanitation,* 392 *U. S.* 280, 88 *S. Ct.* 1917, 20 *L. Ed.* 2d 1089 (1968). But this is not so. In those companion cases municipal employees were threatened with discharge if they did not give statements of an incriminatory nature designed for subsequent use in criminal prosecutions. They asserted their privilege against self-incrimination and refused to testify. Their dismissals from employment followed. The Supreme Court of the United States set aside the dismissals as unconstitutional, being in violation of defendants' privilege against self-incrimination guaranteed by the Fifth Amendment and applicable in state proceedings under the Fourteenth Amendment. *Malloy v. Hogan,* 378 *U. S.* 1, 8, 84 *S. Ct.* 1489, 12 *L. Ed.* 2d 653 (1964). The court did indicate, as the State points out, that had there been a specific and narrow inquiry as to the performance of duties by the employees, had they not been required to waive immunity and had they then refused to testify, the privilege against self-incrimination might have been no bar to dismissal. But

nothing in these decisions alters the rule laid down in *Garrity* that a statement induced by a threat of discharge may not be received in a subsequent criminal prosecution. *In re Addonizio,* 53 *N. J.* 107, 135 (1968); *State v. Stilwell,* 97 *N. J. Super.* 424 (App. Div. 1967); Note: "The Supreme Court, 1967 Term," 82 *Harv. L. Rev.* 63, 203–210 (1968).

The case is reversed and remanded for a new trial.